## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KENNETH HURLEY,**
**Claimant Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0812** (BOR Appeal No. 2051840)
                    (Claim No. 2017013300)

**PINNACLE MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kenneth Hurley, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pinnacle Mining Company, LLC, by Sean Harter, its attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on November 8, 2016. The Office of Judges affirmed the decision in its February 17, 2017, Order. The Order was affirmed by the Board of Review on August 16, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hurley, a coal miner, alleges that he developed bilateral hearing loss as a result of his work for Pinnacle Mining Company, LLC. A March 3, 2009, treatment note by James Paine, M.D., indicates Mr. Hurley was treated for bilateral hearing loss. Mr. Hurley reported at that time that he worked in a coal mine for thirty-two years and his left ear had greater noise exposure from using a roof bolting machine. An audiogram showed moderate to severe sensorineural hearing loss, greater on the left. An April 24, 2009, Explanation of Benefit Payments statement issued to Blue Cross Blue Shield, Mr. Hurley's private healthcare, indicates he requested hearing aids. A June 4, 2013, treatment note by Dr. Paine indicates Mr. Hurley returned for a hearing aid

1

for his right ear. The hearing loss was noted as moderate. An audiogram showed bilateral sensorineural hearing loss in the high tones.

Mr. Hurley filed a report of occupational hearing loss on September 3, 2016, indicating he was last exposed to occupational noise on August 30, 2008. He worked as coal miner for thirty-two years beginning in 1976. On September 21, 2016, an audiogram showed bilateral sensorineural hearing loss that was directly caused by or aggravated by industrial noise exposure in the course of Mr. Hurley's employment. Zaven Jabourian, M.D., assessed 17.5% whole person impairment due to work-related noise exposure. He stated that there were no other contributing factors to the hearing loss and that Mr. Hurley would need bilateral hearing aids.

The claimant completed an injured employee's report on October 20, 2016, stating that he sustained occupational hearing loss. The claims administrator rejected the claim on November 8, 2016. It stated that Mr. Hurley did not timely file his claim as he was made aware in March of 2009 that he had occupational hearing loss.

Mr. Hurley testified in a hearing before the Office of Judges on January 19, 2017, that he was exposed to significant noise while operating machinery and fire bossing for Pinnacle Mining Company, LLC. He stated that his exposure began in 1976. He also testified that he was exposed to nonoccupational noise after he retired in the form of power tools, but he used hearing protection during their use. He stated that he does operate an all-terrain vehicle without hearing protection and that he uses firearms with hearing protection. Mr. Hurley then testified that he saw Dr. Paine on March 3, 2009, because he suspected he had hearing loss. He denied that Dr. Paine ever discussed occupational noise as a cause of his hearing loss. He asserted that he was unaware that his hearing loss was occupationally related until 2016.

The Office of Judges affirmed the claims administrator's rejection of the claim on February 17, 2017. It found that a preponderance of the evidence indicates Mr. Hurley was exposed to occupational noise and that he has sustained hearing loss as a result. However, the Office of Judges determined that the claim was not timely filed. It found that the March 3, 2009, treatment note could not be ignored. It stated that Mr. Hurley worked in the mine for thirty-two years and had more noise exposure on the left side from the roof bolter machine. The Office of Judges found that this was evidence that Mr. Hurley was asked about occupational noise exposure and that he discussed his work in the coal mines. Further, the note was specific enough to note that one side was more affected than the other due to the roof bolter. Though Mr. Hurley testified that he did not know occupational noise caused hearing loss in 2009, the Office of Judges concluded that a preponderance of the evidence indicates he knew or reasonably should have known at that time that his hearing loss was due to occupational exposure. Mr. Hurley argued that the fact that his private insurance paid for his hearing aids in 2009 lends credence to his argument that Dr. Paine did not inform him of the source of his hearing loss. However, the Office of Judges concluded that responsibility for filing a claim falls on the claimant, not the physician. The four corners of the March 3, 2009, treatment note indicate Mr. Hurley had bilateral occupational hearing loss and that he reported his job and noise exposure while at work to his physician. He therefore knew or reasonably should have known on March 3, 2009, that his hearing loss was occupationally related.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 16, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence indicates Mr. Hurley knew or should reasonably have known that his hearing loss was occupationally related on March 3, 2009, when he saw Dr. Paine. Mr. Hurley has failed to show that the Board of Review committed a reversible error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker